UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GLENN D. CHUPP,

Plaintiff,

v.

CAUSE NO. 3:26-CV-321-JD-JEM

CENTURION HEALTH and MIKE
BROHN,

Defendants.

OPINION AND ORDER

Glenn D. Chupp, a prisoner without a lawyer, filed a one-paragraph complaint alleging he has not received medication for his anxiety for about two years. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chupp alleges he started taking Zoloft for anxiety in 2016 before he was incarcerated. It was discontinued by someone about two years ago, but he does not say who or why. It is unclear what if any mental health treatment he is receiving. His only defendants are the governor and Centurion Health. There is no general supervisory

liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

"Only persons who cause or participate in the violations are responsible." *George v.*

*Smith*, 507 F.3d 605, 609 (7th Cir. 2007). A private company, such as Centurian, can be

held liable under some circumstances, but corporate "liability exists only when

execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*,

408 F.3d 375, 379 (7th Cir. 2005) (quotation marks omitted). This complaint makes no

mention of a policy or custom.

"For a medical professional to be liable for deliberate indifference to an inmate's

medical needs, he must make a decision that represents such a substantial departure

from accepted professional judgment, practice, or standards, as to demonstrate that the

person responsible actually did not base the decision on such a judgment." *Jackson v.*

*Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (cleaned up). This complaint does not allege facts

from which it can be plausibly inferred that any medical professional has been

deliberately indifferent to Chupp's anxiety. A complaint must contain sufficient factual

matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks,

citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it

has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009) (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper

that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Chupp believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Chupp also filed an in forma pauperis motion. ECF 2. He did not attach an official copy of his prisoner trust fund account statement showing every transaction for the last six months. If he wants to proceed in forma pauperis, he must file his ledger.

For these reasons, the court:

(1) GRANTS Glenn D. Chupp until **April 10, 2026**, to file an amended complaint with a copy of his ledger; and

(2) CAUTIONS Glenn D. Chupp if he does not respond by the deadline, he will be denied leave to proceed in forma pauperis and this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 13, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT