UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GLENN D. CHUPP,

Plaintiff,

v.

CENTURION HEALTH and GRANT,

Defendants.

CAUSE NO. 3:26-CV-321-JD-JEM

OPINION AND ORDER

Glenn D. Chupp, a prisoner without a lawyer, filed a one-paragraph complaint that did not state a claim. ECF 1. Chupp was granted leave to file an amended complaint. ECF 3. Chupp filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chupp alleges was diagnosed with mental illness in 2018. He alleges he arrived at Westville in 2021 and was prescribed medication. He says he later graduated from Recovery While Incarcerated without using medication. When his sentence modification was denied, he decided to take medication again. He says he has been

given nine disciplinary write-ups because he was not taking medication. He alleges Centurian is at fault, but he does not explain why. He also sues Mr. Grant, but he does not say who he is or how he was involved.

This complaint, like the original before it, does not allege facts from which it can be plausibly inferred that either defendant violated his rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Chupp has was told his original complaint was insufficient and given the chance to amend. He filed an amended complaint, but it too does not state a claim.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on May 8, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3